Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8134 | **DATE** | 12-28-2010 |
| **CASE TITLE** | Theophil D. Encalado, Jr. (#2009-0013354) vs. Superintendent Martinez, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. Plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]            Docketing to mail notices.

## STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, jail officials, violated Plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, Plaintiff alleges that he slipped and fell in a puddle of water at the jail, and contends that a timely repair of the leaking ventilation system that caused the puddle would have prevented his injuries.

    The Court finds that Plaintiff is unable to prepay the filing fee. The Court accordingly grants Plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $18.14 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk,
**(CONTINUED)**

mjm

United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff in the event of his transfer to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal claim as a matter of law. The complaint does not involve a matter of constitutional magnitude.

In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). To prevail on a constitutional claim that he was injured by the conditions of his confinement, a plaintiff must show that jail officials were aware of "a substantial risk of serious injury" but nevertheless failed to take appropriate steps to protect him. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Negligence or even gross negligence on the part of correctional officials is not sufficient for liability; their actions must be intentional or criminally reckless. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

In this case, Plaintiff alleges that he slipped and fell in a puddle of water. It is most unfortunate that Plaintiff was injured; however, his allegations do not implicate the Constitution. Although wet floors do present a possibility that inmates might slip, the condition of the floor did not rise to the level of a substantial risk of serious harm. A failure to fix the leak did not reflect the deliberate indifference required to impose liability under the Fourteenth Amendment. *Compare LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"). At most, Plaintiff has shown that jail officials were negligent, but as noted *supra*, negligence alone is not enough to support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer*, 511 U.S. at 837. Any cause of action for negligence must be brought in state court.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Dismissal is without prejudice to pursuing any avenue of relief that may be available in state court.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."